JS-6  O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HONG ZHU,<br><br>                Plaintiff,<br><br>    v.<br><br>UR M. JADDOU, DIRECTOR OF U.S. CITIZENSHIP AND IMMIGRATION SERVICES, ET AL.,<br><br>                Defendants. | Case No.: 2:24-cv-05456-MEMF-MAA<br><br>**ORDER GRANTING MOTION TO DISMISS AS MOTION FOR SUMMARY JUDGMENT (ECF NO. 10)** |

    Before the Court is a Motion to Dismiss filed by Defendants Ur M. Jaddou, John Daly, Jr., and Lory Torres. ECF No. 10. For the reasons stated herein, the Court hereby GRANTS the Motion as a motion for summary judgment.

/ / /

/ / /

## I. Background

### A. Factual Allegations[1]

On or around May 6, 2020, Plaintiff Hong Zhu, a native of the People's Republic of China, filed an I-589 Application for Asylum in order to escape persecution in China for his political beliefs. Compl. ¶ 7. The government ordered biometrics, which Zhu provided on November 18, 2020. *Id.* The government has not taken any further action with Zhu's application to date. *Id.*

Historically, the adjudication of an asylum application required around three to six months, but the government's new protocol only prioritizes new applicants. *Id.* ¶ 8. Zhu is still waiting on an interview and a decision after four years of applying. *Id.* Zhu has inquired about his application several times, including a letter informing of an imminent lawsuit. *Id.* ¶ 10. To his inquiries, Zhu has received only responses suggesting that he keep waiting, or no response at all. *Id.*

### B. Procedural History

On June 27, 2024, Zhu filed the instant action against Defendants Ur M. Jaddou, John Daly, Jr., and Lory Torres, alleging that Defendants have violated the Administrative Procedure Act ("APA") and the Mandamus Act, 5 U.S.C. § 701, *et seq.*, in withholding or unreasonably delaying action on his asylum application. *See generally* Compl.

On September 26, 2024, Defendants moved to dismiss the case. ECF No. 10 (the "Motion"). The Motion is fully briefed. ECF Nos. 12 ("Opposition"), 15 ("Reply"). The Court held a hearing on the matter on February 13, 2025.

At the hearing, Zhu indicated that he would like the opportunity to conduct discovery and to respond to the Motion in light of the Court's conversion of the Motion to a motion for summary judgment. In light of this, the Court ordered the parties to submit a joint proposal for Zhu to conduct limited discovery, and a briefing schedule for Zhu tosubmit further briefing, no later than February 27, 2025. ECF No. 18. On March 4, 2025, the parties filed a proposed discovery plan, which the

---

[1] All facts stated herein are taken from the allegations in Plaintiff's Complaint unless otherwise indicated. ECF No. 1 ("Compl."). For the purposes of this Motion, the Court treats these factual allegations as true, but at this stage of the litigation, the Court makes no finding on the truth of these allegations, and is therefore not—at this stage—finding that they are true.

Court granted. ECF Nos. 19, 20. In the Court's order, Zhu was given a deadline of July 24, 2025, to file a further response to the Motion given the Court's conversion of the Motion to a motion for summary judgment. ECF No. 20. To date, nothing further has been filed by Zhu. *See* ECF No. 24. The Court understands this to mean that Zhu does not have any additional arguments to be made and proceeds with the disposition of this Motion on the record as it stands.

## II.   Applicable Law

### A.   Federal Rule of Civil Procedure 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) authorizes a party to seek dismissal of an action for lack of subject-matter jurisdiction. "Because standing and ripeness pertain to federal courts' subject matter jurisdiction, they are properly raised in a Rule 12(b)(1) motion to dismiss." *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010). In the context of a 12(b)(1) motion, the plaintiff bears the burden of establishing Article III standing to assert the claims. *Id.*

### B.   Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) allows an attack on the pleadings for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Generally, a court must accept the factual allegations in the pleadings as true and view them in the light most favorable to the plaintiff. *Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017); *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). But a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

1    As a general rule, leave to amend a dismissed complaint should be freely granted unless it is clear the complaint could not be saved by any amendment. Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

When a district court relies on outside of the complaint on a motion to dismiss, the motion is converted into a motion for summary judgment. *Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir. 1996); *see Vaz v. Neal*, 33 F.4th 1131, 1135 (9th Cir. 2022).

**III.    Discussion**

Defendants move to dismiss the Complaint on two grounds—first, Defendants argue that the Court lacks subject matter jurisdiction to hear the claims, and second, Defendants argue that Zhu has failed to allege an APA claim for unreasonable delay and a mandamus claim. *See generally* Motion. For the reasons discussed below, the Court finds that it has subject matter jurisdiction, but that Zhu has not created a material dispute with respect to his claim for unreasonable delay. In making this finding, the Court has considered the evidence submitted by Defendants, and thus converts the Motion into a motion for summary judgment.

**A.    The Court Has Subject Matter Jurisdiction Over Zhu's Claims**

Zhu invokes subject matter jurisdiction pursuant to federal question jurisdiction (28 U.S.C. § 1331), the Declaratory Judgment Act (28 U.S.C. § 2201), the APA (28 U.SC. § 702), and 28 U.S.C. § 1361, which grants jurisdiction to "any action in the nature of mandamus to compel" the government "to perform a duty owed to the plaintiff." Compl. ¶ 2. "Although the Declaratory Judgment Act and the APA do not provide for subject matter jurisdiction" independently "unless some other provision deprives the district court of jurisdiction, § 1331 supplies ample basis for its subject matter jurisdiction." *Allen v. Milas*, 896 F.3d 1094, 1099 (9th Cir. 2018); *see also Vaz v. Neal*, 33 F.4th 1131, 1135 (9th Cir. 2022) (holding that where a plaintiff alleges entitlement to relief under the APA because an agency "failed to perform its duties under federal regulations within a reasonable time," the APA claim "arises under the laws of the United States, and the district court had subject matter jurisdiction"). Defendants' arguments about the applicability of the APA go towards the merits of the action, not the Court's jurisdiction. *See Plaskett v. Wormuth*, 18 F.4th 1072, 1082 (9th Cir. 2021) ("Any deficiencies as to the APA claim go to the merits of that cause of

action rather than to the subject matter jurisdiction of the court to consider it."); *see also Allen*, 896 F.3d at 1102 (clarifying that "the rule of consular nonreviewability [] supplies a rule of decision, not a constraint on the subject matter jurisdiction of the federal courts").[2]

As Zhu's claims here arise under federal law, the Court has subject matter jurisdiction. The Court considers Defendants' remaining argument regarding the discretion of the action in its below 12(b)(6) analysis of the APA claim.

### B. The Court Converts the Motion to a Rule 56 Motion

A motion to dismiss under Rule 12(b)(6) "must be treated as a motion for summary judgment under Federal Rule of Civil Procedure 56 if either party to the motion to dismiss submits materials outside the pleadings in support or opposition to the motion, and if the district court relies on those materials." *Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir. 1996). Here, as the Court will be relying on evidence submitted by Defendants outside of the pleadings, the Court converts the Motion into a motion for summary judgment. *See* ECF No. 18.[3]

The Court makes the following findings of fact for which there is no material dispute based on the record before it. Zhu applied for asylum on May 6, 2020, and is still currently waiting on adjudication. ECF No. 10-2 ("Radel Decl.") ¶ 21. On January 21, 2018, USCIS returned to a "last in first out" ("LIFO") scheduling system for prioritization of asylum interviews. *Id.* ¶ 14. Prior to this, USCIS had instituted a "first in first out" ("FIFO") scheduling, but this led to a substantial increase in non-meritorious asylum applications filed primarily to obtain work authorization. ECF No. 10-1 ("Lafferty Decl.") ¶¶ 21–22. Based on LIFO prioritization, applications that were scheduled for

---

[2] With regards to Defendants' argument that the Immigration Nationality Act ("INA") precludes judicial review, the Court notes that Zhu is not attempting to bring an action under the INA. At most, the time frames provided by the INA are merely being used "as an indication of the unreasonable nature" of the delay he has faced. *See Tailawal v. Mayorkas*, 2022 WL 4493725, at *3 (C.D. Cal. Aug. 18, 2022). While Zhu would not be able to bring a private right of action to enforce the time frames set by the INA, Defendants cite no binding authority that Zhu cannot cite the INA to show that his application has been unreasonably delayed. The Court notes that other courts have held that a statute denying a private right of action does not equate to preclusion of subject matter jurisdiction. *See, e.g., Varol v. Radel*, 420 F. Supp. 3d 1098, 1096 (S.D. Cal. 2019).

[3] As the Court explained in its order issued after the hearing on the Motion, Defendants acknowledged that the material relied on herein is outside the pleadings and record for this case, making it inappropriate to grant this Motion solely on the basis of a Rule 12(b)(6) standard. *Id.*

interview but had to be rescheduled due to USCIS's needs as well as applications pending 21 days or fewer are given priority over all other pending application. *Id.* With this category of pending applications, USCIS prioritizes newer filings and works backwards towards older filings. *Id.* Zhu's application falls within this category of applications. *Id.* ¶ 22. While Zhu awaits adjudication of his application, he has been granted work authorization. *Id.* ¶ 25.

      **C.    Zhu Has Not Created a Material Issue of Fact With Respect to Unreasonable Delay Under the APA**

A claim under 5 U.S.C. § 706(1) "can proceed only where a plaintiff asserts that an agecy failed to take a *discrete* agency action that it is *required to take*." *Vaz*, 33 F.4th at 1136. "Thus, a court may compel agency action under the APA when the agency (1) has a clear, certain, and mandatory duty, and (2) has unreasonably delayed in performing such duty." *Id.* (internal citations omitted).

With regards to the mandatory duty, Defendants cite a number of non-binding authority for the proposition that the timelines set forth by 8 U.S.C. § 1158(d)(5)(A) as the procedures for adjudicating asylum applications are not mandatory. Motion at 13. However, although the statute makes an exception for "exceptional circumstances," the plain language of the statutes provides that an initial interview or hearing on the application "*shall* commence not later than 45 days" after the application is filed, and the final adjudication "*shall* be completed within 180 days" after the application is filed. 8 U.S.C. § 1158(d)(5)(A)(ii), (iii) (emphasis added). The Court finds that the term "shall" reflects a mandatory requirement, regardless of the fact that the agency has discretion when it comes to the "exceptional circumstances." *See Vietnam Veterans of America v. Central Intelligence Agency*, 811 F.3d 1068, 1081 (9th Cir. 2016) ("The term 'shall' is usually regarded as making a provision mandatory . . .").[4] Moreover, there is nothing suggesting that there is no mandatory requirement that the application be adjudicated at some point—even if not according to

---

[4] The Court also does not find that the lack of penalty for failure to follow these timelines provides clear evidence that Congress did not mean to make these provisions mandatory. Rather, the lack of penalty similarly supports that the agency has discretion when it comes to the "exceptional circumstances." But common sense dictates that the exceptional circumstances are not the norm—thus, in the majority of circumstances, the timetable set by the statute should be mandatory.

the specific timetable set by the statute. *See Vaz*, 33 F.4th at 1136 (noting that "discretion over how to investigate is different from discretion over whether to investigate" and that the regulations "neither provide nor suggest that [the agency] has discretion *whether* to investigate a complaint"). Therefore, the Court turns to whether Defendants have unreasonably delayed in adjudicating Zhu's application.

"To determine whether an agency's delay is unreasonable under the APA," a court should apply the TRAC factors. *Id.* at 1137. In particular, the factors are:

> (1) the time agencies take to make decisions must be governed by a "rule of reason"; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by the delay; and (6) the court need not "find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed."

*Id*. For the reasons discussed below, the Court finds that the TRAC factors do not weigh in favor of finding an unreasonable delay in this circumstance.[5]

### i. First and Second TRAC Factors

The first TRAC factor considers "whether the time for agency action has been reasonable," and is the most important factor, although not itself determinative. *Vaz*, 33 F.4th at 1138. The Ninth Circuit has indicated that "a reasonable time for agency action is typically counted in weeks or months, not years." *Id.* Here, Zhu has been waiting over four years for the adjudication of his application. With regards to the second TRAC factor, the Court also notes that the delay is well beyond the 180-day timeframe set by the INA. However, Defendants have presented declarations explaining that Zhu's application falls within the category of applications that are currently not being

---

[5] The Court notes that there appears to be some divergence in whether district courts analyze the TRAC factors on a motion to dismiss, "in general, district courts have found it appropriate to analyze the TRAC factors at the MTD stage when the plaintiff has not alleged any facts—other than the length of the delay—that undermine the USCIS's claim of reasonableness." *Varzaghani v. Mayorkas*, 2024 WL 2952141, at *3 (C.D. Cal. June 5, 2024). The Court finds it proper to do so here, having converted this motion to dismiss to a motion for summary judgment and notes that the Ninth Circuit did the same in *Vaz*. The Court finds that the facts set forth in the Defendants' motion is uncontroverted, and no material dispute appears to exist with respect to how the asylum adjudication system works.

prioritized due to agency's LIFO scheduling system. ECF No. Radel Decl. ¶¶ 14, 22. Defendants also explain that LIFO was first adopted in 1995 in response to the filing of non-meritorious asylsum application primarily to obtain employment authorization documents ("EADs"). ECF No. 10-1 ("Lafferty Decl.") ¶¶ 9, 11. While USCIS temporarily adopted a "first in, first out" ("FIFO") system in 2014, this had negative consequences, including a substantial increase in asylum applications and requests for EADs. *Id.* ¶¶ 21, 22. Thus, USCIS returned to the LIFO system in January of 2018. *Id.* ¶ 24. However, USCIS has started using a "second track" for scheduling interviews on the backlog of cases it has, starting with older cases and working forward. *Id.* ¶ 32.

It would appear to the Court that the scheduling system employed by USCIS could potentially qualify as a "rule of reason," although it is unclear from the current record whether based on this scheduling system there is any concrete timeline for processing Zhu's application.[6] However, it would appear that the "crisis-level" of backlog pending at USCIS would likely qualify as an "exceptional circumstance," excusing the otherwise mandated statutory time frame. Lafferty Decl. ¶ 27. The Court does not find it necessary to reach this issue as it finds that Zhu has not met his showing as to the remaining TRAC factors.[7]

> ii. Remaining TRAC Factors

The Court finds that Zhu has not shown harm or prejudice supporting the third[8] and fifth TRAC factors. At most, Zhu argues in opposition that he has suffered "psychological trauma" from not knowing whether he will be sent back to his country of origin. Opposition at 16. While the Court in no way diminishes the mental toll that the aylsum process may take on the applicant, Zhu has not argued that his life has otherwise been affected by the delay. Rather, he is still able to work pursuant to his work authorization and otherwise live his life in this country without substantial impact from

---

[6] The Court notes that district courts have found that LIFO is a rule of reason. *See Teymouri v. U.S. Citizenship and Immigration Services*, 2022 WL 18717560, at *4 (C.D. Cal. Jan. 31, 2022) (collecting cases).

[7] In particular, the Court declines to decide whether in this circumstance the delay is reasonable or not, as this may necessarily entail a more in-depth dive into rationales given by USCIS that the Court finds inappropriate to conduct at this stage of the case.

[8] With regards to the third factor, it appears that this would regardless weigh in favor of not finding an unreasonable delay because the factor only weighs economic regulations, which the asylum application process would not fall under.

the delay. Moreover, the prejudice must be weighed against the prejudice of expediting asylum applications in Zhu's category as a whole[9]—those that have been de-prioritized by the LIFO system. The Court also finds this relevant to the fourth TRAC factor. It appears that by expediting applications such as Zhu's, as reflected when USCIS last switched to FIFO, USCIS faces prejudice in increased asylum applications overall with a large portion of them non-meritorious (presumably made with the purpose of procuring EADs). Accordingly, the Court does not find that remaining factors support an unreasonable delay here.[10]

Accordingly, the Court finds that Zhu has not sufficiently pleaded an unreasonable delay.[11] The Court therefore need not reach Defendants' arguments regarding the mandamus claim. *See Vaz*, 33 F.4th at 1135 ("Because 'mandamus relief and relief under the APA are 'in essence' the same,' when a complaint seeks relief under the Mandamus Act and the APA and there is an adequate remedy under the APA, [the court] may elect to analyze the APA claim only.").[12]

/ / /

/ / /

---

[9] In considering the balancing of interests in expediting just Zhu's application, the Court finds that to move him ahead of other similarly situated applicants would negatively impact these other applicants. Moreover, Zhu has not shown that he faces harm or prejudice beyond what other applicants are facing.

[10] The sixth factor is moot, and merely instructs that an agency delay need not be intentional to be unreasonable. Here, Zhu has not alleged bad faith.

[11] The Court notes that Zhu has not sought leave to amend. Moreover, the Court has considered the arguments contained in the Opposition with regards to the TRAC factors to the extent that they were not alleged in the Complaint. Therefore, the Court finds that leave to amend would be futile.

[12] The also Court notes that Zhu did not separately argue the sufficiency of his Mandamus claim in Opposition.

## IV. Conclusion

For the foregoing reasons, the Court hereby GRANTS the Motion to Dismiss without leave to amend, GRANTING summary judgment in favor of the Defendants.

IT IS SO ORDERED.

Dated: August 19, 2025

                                          MAAME EWUSI-MENSAH FRIMPONG
                                                United States District Judge